UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JESSICA PLASCENCIA HERNANDEZ,<br><br>　　　　　　　　Defendant. | CASE NO. CR18-5094 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Jessica Plascencia Hernandez's motion for compassionate release. Dkt. 1026. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.　FACTUAL & PROCEDURAL BACKGROUND

On March 14, 2018, a grand jury returned an indictment charging twenty defendants—including Hernandez—with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Dkt. 1; *see also* Dkt. 239. Hernandez pled guilty to the single charge. Dkt. 505. On February 26, 2019, Court

ORDER - 1

sentenced Hernandez to 66 months imprisonment. Dkt. 746. Hernandez is currently housed at the Federal Correctional Institution in Dublin, California ("FCI Dublin") and is scheduled to be released on February 2, 2024.

On July 5, 2021, Hernandez filed a motion for compassionate release, Dkt. 1026, and a motion to seal, Dkt. 1028. On July 26, 2021, the Government responded, Dkt. 1036, and filed a motion for leave to file overlength briefing, Dkt. 1035, and a motion to seal, Dkt. 1037. On August 5, 2021, Hernandez replied. Dkt. 1041.

## II.  DISCUSSION

### A.  Motions to Seal & Motion for Leave to File Overlength

Regarding the motions to seal, Hernandez and the Government assert that the exhibits they submitted in support of the motion and response, respectively, contain Hernandez's personal information and should remain under seal. Dkts. 1028, 1037. The Court agrees that this information should remain confidential and therefore grants the motions. The Court also grants the Government's unopposed motion to file its opposition brief in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington. Dkt. 1035.

### B.  Motion for Compassionate Release

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C.

§ 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after

ORDER - 3

considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
    (1)(A) Extraordinary and compelling reasons warrant the reduction;
    \*\*\*
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

    **1.**    **Extraordinary & Compelling Reasons**

The Court considers a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

    (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at \*3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more,

> medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and

compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors in determining whether Hernandez has extraordinary and compelling reasons. *See Aruda*, 993 F.3d at 801 ("district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis and alteration in original)).

Here, Hernandez argues that her chronic medical conditions amount to extraordinary and compelling reasons because they place her at risk of illness from COVID-19. Hernandez has a Body Mass Index ("BMI") of 49.1 and suffers from mild to moderate asthma and diabetes. The CDC recognizes that severe obesity (i.e., having a BMI greater than 40), moderate to severe asthma, and type 1 and 2 diabetes can increase the risk of severe illness from COVID-19.[1]

However, Hernandez has been fully vaccinated against COVID-19 and received the Moderna vaccine, which is 94.1% effective at preventing COVID-19 illness.[2] While

---

[1] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated May 13, 2021).

[2] Centers for Disease Control and Prevention, *Moderna COVID-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last updated June 11, 2021).

being fully vaccinated is not conclusive on a motion for compassionate release, it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains particularly susceptible to infection, vaccination cuts against a finding of extraordinary and compelling reasons. *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

Hernandez argues, in part, that there is uncertainty as to whether the vaccine is effective against the new COVID-19 variants. *See* Dkt. 1026 at 10–11. However, the CDC reports that infections from the Delta variant of COVID-19 remain rare among individuals who are fully vaccinated but that breakthrough infections are expected.[3] Importantly, the CDC states that all vaccines are reasonably effective against severe illness, hospitalization, and death. The Court understands that the science is still evolving as to vaccine efficacy and the Delta variant, but it appears conclusively established that fully vaccinated individuals are reasonably protected from hospitalization and death.

Additionally, Hernandez has not made a specific showing that she is at reasonable risk of severe illness of death from COVID-19 because of her chronic medical conditions. She argues that her chronic medical conditions put her at greater risk of severe illness even though she is vaccinated. But her arguments discuss her conditions and susceptibility generally, not specifically. In *United States v. Sandoval*, for example, the Court concluded that the defendant had established extraordinary and compelling reasons

---

[3] Centers for Disease Control and Prevention, *What You Need to Know about Variants*, https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html?%20CDC_AA_%20refVal=%20https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Ftransmission%20%2Fvariant.html (last updated Aug. 6, 2021).

even though he had previously contracted COVID-19 and had received his first dose of the vaccine. Case No. CR14-5105 BHS, 2021 WL 673566, at *5 (W.D. Wash. Feb. 22, 2021). There, the defendant made a specific showing that he remained particularly susceptible to reinfection because he was immunosuppressed due to an organ transplant through an expert opinion. *Id.* The expert, a clinic professor of medicine subspecializing in solid organ transplant infectious disease, opined as the reinfection risk in patients like the defendant. *Id.* Hernandez has not made such a showing here.

At this time, because Hernandez has been vaccinated, her chronic medical conditions do not amount to extraordinary and compelling reasons to warrant compassionate release. Her motion for compassionate release is, therefore, denied without prejudice.[4]

### III.  ORDER

Therefore, it is hereby **ORDERED** that Hernandez's motion for compassionate release, Dkt. 1026, is **DENIED**. It is further **ORDERED** that Hernandez's motion to seal, Dkt. 1028, and the Government's motion for leave to file overlength briefing, Dkt. 1035, and motion to seal, Dkt. 1037, are **GRANTED**.

Dated this 17th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[4] Because Hernandez has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.